UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI\
EASTERN DIVISION

| | |
|---|---|
| JOHN MARCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:13CV1210 TIA |
| ) | |
| MEDICREDIT, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 22) and Plaintiff's Motion to Strike Offer of Judgment (ECF No. 27).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

On May 14, 2013, Plaintiff filed a Class Action Petition in state court, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  (Pet. ¶ 1, ECF No. 4)  Defendant removed the action to federal court on June 26, 2013 and filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) as its Answer on July 17, 2013.  (Notice of Removal, ECF No. 1; Mot. to Dismiss, ECF No. 9)  On July 31, 2013, Plaintiff filed an Amended Complaint, alleging that Defendant violated § 1692e(11) of the FDCPA because Defendant failed to disclose in its initial communication with Plaintiff that Defendant was "attempting to collect a debt and that any information obtained will be used for that purpose."  (First Am. Compl. ¶¶ 13-14, 35-36, ECF No. 14)  In the Amended Complaint, Plaintiff requests that the Court certify the action as a class action, as well as award statutory damages, plus attorney's fees and costs.

On September 3, 2013, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), asserting that Defendant's offer of judgment in the amount of $2,000 plus attorney's fees and costs moots Plaintiff's claims.  (Memorandum in Support of Mot. to Dismiss Ex. A, ECF No. 23-1)  Specifically, Defendant argues that the offer is greater than the maximum recovery of $1,000 plus attorney's fees and costs allowed under the FDCPA.  Thus, Plaintiff no longer has a personal stake in the action under Article III of the United States Constitution.  In response to the motion to dismiss, Plaintiff filed a Motion to Strike Offer of Judgment, contending that Defendant is trying to "pick off" the named Plaintiff or induce him to abandon his class action suit.  Defendant, however, asserts that the offer of judgment provides Plaintiff with full relief for his individual claim, and he never filed a motion for class certification despite months to do so.  Plaintiff does not contest that the offer of judgment satisfies his claim individually.

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the federal court lacks subject-matter jurisdiction.   In addition, Article III, § 2, of the United States Constitution limits federal court jurisdiction to actual cases or controversies.  See Genesis Healthcare Corp. v. Symczyk, ___ U.S. ___, 133 S. Ct. 1523, 1528 (2013); Damasco v. Clearwire Corp., 662 F.3d 891, 894 (7th Cir. 2011).  To invoke personal jurisdiction, a plaintiff must show that he has a personal stake in the outcome at all stages of the action.  Genesis, 133 S. Ct. at 1528; Damasco, 662 F.3d at 894-95.  "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' an any point during litigation, the action can no longer proceed and must be dismissed as moot."  Genesis, 133 S. Ct. at 1528 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-48 (1990) (internal quotation marks omitted)).

Under Federal Rule of Civil Procedure 68(a), a defendant "may serve . . . an offer to allow judgment on specified terms, with the costs then accrued." Thus, a Rule 68 offer providing complete relief renders the plaintiff's claims moot, even where the plaintiff refuses the offer. As a result, "'[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.'" Damasco, 662 F.3d at 895 (quoting Rand v. Monsanto Co., 926 F.2d 596, 596 (7th Cir. 1991)).

## Discussion

Defendant asserts that its offer of judgment, which exceeds the statutory limit, moots Plaintiff's claim and makes him ineligible to represent the putative class because he no longer has a stake in the litigation. Plaintiff, in response, requests that the Court strike the offer of judgment and deny Defendant's motion to dismiss as an attempt to "pick off" the class representative Plaintiff. The undersigned finds that dismissal is inappropriate in this case.

Defendant offered Plaintiff $2,000 plus attorney's fees and costs and offered for judgment to entered against Defendant on an individual and non-class basis. (Memorandum in Support of Mot. to Dismiss Ex. A, ECF No. 23-1) Under the relevant FDCPA provision, 15 U.S.C. § 1692k(a), an individual is statutorily entitled to an amount not exceeding $1,000 plus the costs of the action and a reasonable attorney's fee. Plaintiff, however, did not accept the offer. The Eighth Circuit has not ruled squarely on the issue of whether the tender and rejection of an offer of judgment prior to a request for class certification moots a class action suit. Indeed, the Circuits are divided on this issue. See, e.g., Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 372 (4th Cir. 2012) (stating that if plaintiff would have made a specific demand for actual damages and the

3

defendants offered that amount or more, the offer of judgment would have mooted plaintiff's claim); Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1084 (9th Cir. 2011) (holding that a rejected offer of judgment for full amount of a putative class representative's individual claim under the FLSA made prior to the filing of a motion for class certification does not moot the class action complaint); Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1249 (10th Cir. 2011) ("[A] named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); Weiss v. Regal Collections, 385 F.3d 337, 348 (3d Cir. 2004) ("Absent undue delay in filing a motion for class certification, . . . , where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.").

In its Memorandum in Support of the Motion to Dismiss, Defendant relies heavily on a recent Supreme Court case, Genesis Healthcare Corp. v. Symczyk , ___ U.S. ___, 133 S. Ct. 1523 (2013). Genesis, however, involved whether a plaintiff's action under the FLSA remained justiciable based on the collective-action allegations in the complaint where an unaccepted Rule 68 offer fully satisfied the plaintiff's claim, rendering the individual claim moot, and no other claimants opted in. Id. at 1528-29. The Genesis court held that "[i]n the absence of any

claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." Id. at 1529. However, in response to the plaintiff's reliance on cases that arose in the context of Rule 23 class actions, the Supreme Court found that the cases did not apply "both because Rule 23 actions are fundamentally different from collective actions under the FLSA . . . and because these cases are, by their own terms, inapplicable to these facts." Id. Thus, the Genesis case is inapposite to the present Rule 23 class action complaint. See Sandusky Wellness Center, LLC v. Medtox Scientific, Inc., No. 12-2066(DSD/SER), 2013 WL 3771397, at *2 (D. Minn. July 18, 2013) (finding Genesis inapplicable to a Rule 23 class action complaint under the Telephone Consumer Protection Act).

Defendant also asks this Court to adopt the reasoning in Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011). While the reasoning in Damasco is somewhat persuasive, the Court finds that concerns of "picking off" putative class representative plaintiffs, as well as defendants racing to offer judgment to avoid a class action suit, weigh against dismissal. In Damasco, the Seventh Circuit held that an offer of full relief to a putative class plaintiff mooted an action where no motion for class certification was pending. 662 F.3d at 896. In response to the argument that this holding would allow defendants to buy off individual plaintiffs, the Damasco court reasoned that class-action plaintiffs could simply move to certify a class when filing the complaint to protect the putative class. Id.

Although one district court recently followed Seventh Circuit's rationale in Damasco and dismissed an action as moot following an unaccepted offer of judgment, the majority of district courts in this Circuit addressing this issue have rejected the mootness argument in the class action

5

context.  See, e.g., Sandusky, 2013 WL 3771397, at *2 (finding that the offer of judgment failed to provide class-wide relief and thus did not moot the putative class action); Mertz v. Lindell Bank & Trust Co., No. 4:10CV2098 HEA, 2012 WL 1080824, at *1 (E.D. Mo. March 30, 2012) ("Because the offer of judgment here did not extend to the putative class representatives, and because the offer was made before plaintiff could reasonably have been expected to file a motion for class certification, the offer, in this instance failed to render plaintiff's case moot."); Jenkins v. General Collection Co., 246 F.R.D. 600, 602-03 (D. Neb. 2007) (affirming Magistrate Judge's order striking Rule 68 offer of judgment because the offer did not moot possible class relief unless there was undue delay in filing the motion for class certification); Liles v. Am. Corrective Counseling Servs., Inc., 201 F.R.D. 452, 455 (S.D. Iowa 2001) (stating that the Eighth Circuit would likely not allow a defendant to pay off the named plaintiff to preemptively force dismissal of the putative class action); but see, Goans Acquisition, Inc. v. Merchant Solutions, LLC, No. 12-00539-CV-S-JTM, 2013 WL 5408460, at *6 (W.D. Mo. Sept. 26, 2013) (adopting the reasoning in Damasco to find that plaintiff's alleged TCPA claim became moot before plaintiff moved for class certification).

      The sound rationale behind these cases is that Defendant should not be able to use offers of judgment to thwart class actions. Lamberson v. Fin. Crimes Servs., LLC, No.  11-98 (RHK/JJG), 2011 WL 1990450, at *2 (D. Minn. April 13, 2011).  Further, this is not a case where the Plaintiff has unduly delayed filing a motion for class certification.  Although the Plaintiff filed the class action petition in state court on May 14, 2013, and Defendant removed the case to federal court on June 26, 2013, Plaintiff filed an Amended Complaint on July 31, 2013. Defendant tendered its offer of judgment two days later, on August 2, 2013, and, after filing

several motions for additional time to answer, Defendant filed its Motion to Dismiss in lieu of an answer on September 3, 2013.  While Plaintiff could have filed a motion for class certification during the 3 ½ months between filing the case in state court and filing the present Motion to Dismiss, failure to do so did not cause undue delay, especially where, as here, the Defendant has not filed an answer; the Court has not held a Rule 16 conference; and a Case Management Order is not yet in place.  However, in future cases, putative class action plaintiffs would be wise to immediately file such motions to protect the class from similar motions to dismiss based on offers of judgment.

Based on the above analysis, the Court will deny Defendant's Motion to Dismiss.  With regard to Plaintiff's Motion to Strike Offer of Judgment, the Court finds that the motion shall be granted.  In a class-action complaint, the named plaintiff, as the putative class representative, has a special role of assuming responsibility for the entire class of persons.  <u>Johnson v. U.S. Bank Nat. Ass'n</u>, 276 F.R.D. 330, 332 (D. Minn. 2011).   Where a defendant presents a Rule 68 offer of judgment to the named plaintiff only, the plaintiff faces a conflict between accepting the amount offered to satisfy his individual claim or continuing to represent the putative class to obtain relief for the entire class.  <u>Id.</u> at 334.  Therefore, "to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective."  <u>Lamberson</u>, 2011 WL 1990450, at *4 (citation omitted).  As a result, the Court will strike Defendant's offer of judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Offer of Judgment (ECF No. 27) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant shall file an Answer to Plaintiff's First Amended Class Action Complaint no later than two weeks from the date of this Memorandum and Order.  An appropriate Rule 16 Order shall also be filed forthwith.


      /s/ Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE


Dated this    4th    day of   December  , 2013.