IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN MARCH, | ) |
| Plaintiff, | ) ) ) Cause No. 4:13-cv-01210-TIA |
| vs. | ) ) |
| MEDICREDIT, INC., | ) ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Defendant Medicredit, Inc. ("Defendant), by and through its attorneys, Hinshaw & Culbertson LLP, and for its Answers and Affirmative Defenses to Plaintiff John March's ("Plaintiff") First Amended Class Action Complaint (the "Complaint"), state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff John March is a natural person currently residing in Jefferson County, Missouri.

**ANSWER:  Defendant admits that Plaintiff is a natural person, but is without sufficient information or knowledge to admit or deny that Plaintiff currently resides in Jefferson County, Missouri.**

2. Upon information and belief, Defendant is a Missouri corporation with its principal place of business located in Columbia, Missouri. Upon information and belief, the principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

**ANSWER:   Defendant admits that it is a corporation registered to do business in Missouri and under certain circumstances and in certain instances it engages in debt collection in Missouri and in other states on behalf of others.**

3. Upon information and belief, Defendant is engaged in the collection of debts from consumers using the mail and telephone.

**ANSWER:   Defendant admits that under certain circumstances and in certain instances it engages in debt collection using mail and the telephone. In further answer, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether this case involves a consumer debt as Defendant lacks knowledge as to the purpose for which the debt accrued.**

4. Upon information and belief, Defendant is a "debt collector" as defined by the FDCPA because it uses instrumentality of interstate commerce or the mail in its business the principal purpose of which is the collection of debts and/or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**ANSWER:   Defendant objects to the allegations in paragraph 4 of the Complaint to the extent they call purely for legal conclusions to which no response is required. Defendant admits that under certain circumstances and in certain instances it uses mail to collect debts owed to others.  In further answer, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether this case involves a consumer debt as Defendant lacks knowledge as to the purpose for which the debt accrued.**

10828192v1 0947795

5. This is an action for statutory and actual damages brought by an individual consumer, for himself and all others similarly situated, for violations of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**ANSWER:   Defendant admits that the Complaint purports to be based on the FDCPA, but denies that the Complaint states a claim for violation of the FDCPA and denies the remaining allegations, if any, of paragraph 5 of the Complaint.**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) because the claim asserted herein arises under the FDCPA, a federal statute.

**ANSWER:   Defendant admits that jurisdiction is proper in this United States District Court, but denies that the Complaint states a claim under the FDCPA.**

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1441 because a substantial part the events giving rise to the claim occurred in this judicial district and Defendant removed this case from the Circuit Court of Jefferson County, Missouri, a state court embraced by this judicial district.

**ANSWER:   Defendant admits that venue is proper in this United States District Court and that Defendant removed this case to this District Court.  Defendant makes no admission that any of the events referenced in paragraph 7 occurred and denies the remaining allegations, if any, contained in paragraph 7 of the Complaint.**

**GENERAL ALLEGATIONS**

8. On or about April 3, 2013, upon information and belief, Defendant sent a written communication (the "Collection Letter") to Plaintiff in an attempt to collect a debt allegedly

owed by Plaintiff to Ameren-Missouri ("Ameren") for utility charges. A true and accurate copy of the Collection Letter is attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER:   Defendant admits that it sent a letter to Plaintiff on or about April 3, 2013 and that a copy of that letter is purportedly attached to the Complaint, but in further answer, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether this case involves a consumer debt as Defendant lacks knowledge as to the purpose for which the debt accrued. Answering further, the letter speaks for itself and Defendant denies any of the remaining allegations in paragraph 8 of the Complaint that are inconsistent with the letter.**

9. Plaintiff received the Collection Letter on or about April 10, 2013.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.**

10. Plaintiff is a "consumer" within the meaning of the FDCPA because he is a natural person alleged to be obligated to pay a debt owed to Ameren.

**ANSWER:   Defendant objects to the allegations in paragraph 10 of the Complaint to the extent they call purely for legal conclusions to which no response is required.  To the extent an answer is required, Defendant admits that Plaintiff is a natural person who owed a debt to Ameren, but Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint as Defendant lacks knowledge as to the purpose for which the debt accrued.**

11. The alleged debt that Defendant was attempting to collect from Plaintiff was a "debt" as defined by the FDCPA because it is an alleged obligation of a consumer arising out of a transaction in which the services that are the subject of transaction were primarily for personal,

family, or household purposes in that it arises out of electric utility services alleged to have been provided by Ameren to Plaintiff in Jefferson County, Missouri.

**ANSWER:   Defendant objects to the allegations in paragraph 11 of the Complaint to the extent they call purely for legal conclusions to which no response is required.  To the extent an answer is required, Defendant admits that Plaintiff's alleged debt arose from utility services provided by Ameren Missouri, but Defendant lacks knowledge or information sufficient to form a belief about the truth of whether this case involves a consumer debt as Defendant lacks knowledge as to the purpose for which the debt accrued.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.**

12. Upon information and belief, Defendant sent the Collection Letter to Plaintiff in connection with its attempt to collect a debt from Plaintiff as the Collection Letter, among other things, (a) bears Defendant's name at the top and bottom; (b) is "signed" by "Debt Collector MediCredit, Inc."; (c) indicates that it pertains to a "past due" Ameren utility bill; (d) provides "YOUR ACCOUNT IS PAST DUE"; (e) recites that "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

**ANSWER:   Defendant states that the letter speaks for itself, and denies any allegations inconsistent with the letter itself.  Defendant denies the remaining allegations in paragraph 12 of the Complaint.**

13. Upon information and belief, the Collection Letter sent by Defendant to Plaintiff was Defendant's "initial written communication" with Plaintiff.

**ANSWER:    Defendant objects to the allegation in paragraph 13 to the extent it does not define the meaning of "initial written communication."  To the extent an answer is required, Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Complaint.**

14. Defendant violated § 1692e(11) of the FDCPA by engaging in false, deceptive, and/or misleading representations or means in connection with the collection of a debt because, among other things, Defendant failed to disclose to Plaintiff in the Collection Letter that it was "attempting to collect a debt and that any information obtained will be used for that purpose."

**ANSWER:    Defendant denies the allegations in paragraph 14 of the Complaint.**

## CLASS ALLEGATIONS

15. Upon information and belief, it is Defendant's routine business practice to engage in the collection tactics described above.

**ANSWER:    Defendant denies the allegations in paragraph 15 of the Complaint.**

16. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this action is brought by Plaintiff, on behalf of himself and all others similarly situated, who are members of the following class (the "Class") against Defendant:

> All consumers within Missouri with whom Defendant sent an initial written communication (a) in an attempt to collect a debt; (b) where the original creditor was Ameren; (c) during the one-year period beginning before the filing of the original Class Action Petition and ending on the date of class certification; (d) in which Defendant did not include in its initial written communication that it was attempting to collect a debt and any information obtained will be used for that purpose.

**ANSWER:    Defendant admits that Plaintiff purports to represent the class of individuals defined by paragraph 16, but Defendant denies that a class exists, denies that**

6

**class certification is appropriate, and denies the remaining allegations in paragraph 16 of the Complaint.**

17. Excluded from the Class are (a) Defendant, its employees, officers, directors, and all persons who have or had a controlling interest in Defendant; (b) Defendant's legal representatives, predecessors, successors, and assigns; (c) the judge to whom this case is assigned and such judge's immediate family; (d) Plaintiff's attorneys and their employees; and (e) all persons who properly execute and file a timely request for exclusion from the Class.

**ANSWER:   Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 17 of the Complaint.**

18. Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveal that the Class should be expanded or modified.

**ANSWER:   Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 18 of the Complaint.**

19. Upon information and belief, members of the Class are so numerous that joinder is impracticable. Plaintiff believes that Defendant is a high volume debt collector who attempts to collect thousands of consumer debts throughout Missouri.

**ANSWER:   Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 19 of the Complaint.**

20. Upon information and belief, Defendant has engaged in the improper collection communications described above with at least hundreds and possibly thousands of consumers.

**ANSWER:   Defendant denies the allegations in paragraph 20.**

10828192v1 0947795

21. Plaintiff is a member of the Class that he seeks to represent.

**ANSWER:  Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 21 of the Complaint.**

22. There are no unique defenses that Defendant can assert against Plaintiff individually, as distinguished from the Class.

**ANSWER:  Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 22 of the Complaint.**

23. Plaintiff will assure the adequate representation of all members of the Class and will have no conflict with members of the Class in the maintenance of this action. Plaintiff's claims are typical of the Class and are antagonistic to the interests of the Defendant.

**ANSWER:  Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 23 of the Complaint.**

24. Plaintiff has no interest or relationship with Defendant that would prevent him from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and he will vigorously pursue the Class claims throughout the course of this action.

**ANSWER:  Defendant admits that settlement of a class action is subject to court approval.  Answering further, Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 16 of the Complaint.**

10828192v1 0947795

25. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the members of the Class are virtually identical in that they raise the same questions of law and involve the same methods of collection contact by Defendant.

**ANSWER:	Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 25 of the Complaint.**

26. Most, if not all, of the facts needed to determine damages are obtainable from Defendant's records.

**ANSWER:	Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 26 of the Complaint.**

27. The purposes of the FDCPA will be best effectuated by a class action.

**ANSWER:	Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 27 of the Complaint.**

28. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

**ANSWER:	Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 28 of the Complaint.**

29. Furthermore, as damages suffered by most members of the Class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the Class individually to redress the wrongs done to them.

**ANSWER:	Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 29 of the Complaint.**

10828192v1 0947795

30. Many, if not all, class members are unaware that claims exist against Defendant. There will be no unusual difficulty in the management of this action as a class action.

**ANSWER: Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 30 of the Complaint.**

31. There are questions of law and fact common to the Class that predominate over any question affecting only individual members of the Class including: (a) Whether Defendant is a "debt collector" pursuant to the FDCPA; (b) whether the liability that Defendant was seeking to collect from members of the Class constitute "consumer debt" under the FDCPA; (c) Whether Defendant sent out the collection letter in an attempt to collect a debt due to another; and (d) whether Defendant's failure to include in its initial written communication with a consumer that it was attempting to collect a debt and any information obtained will be used for that purpose violates § 1692e(11) of the FDCPA.

**ANSWER: Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 31 of the Complaint.**

32. Because many members of the Class are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

**ANSWER: Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 32 of the Complaint.**

33. Plaintiff's counsel has the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

10828192v1 0947795

**ANSWER:    Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 33 of the Complaint.**

34.     All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual members of the Class is calculable and ascertainable.

**ANSWER:    Defendant denies that a class exists, denies that class certification is appropriate, and denies the remaining allegations in paragraph 34 of the Complaint.**

## COUNT I: VIOLATION OF THE FDCPA

35.     Plaintiff re-alleges and incorporated herein by reference each of the allegations contained and set forth in paragraphs 1 through 34 of this First Amended Class Action Complaint as if such were fully set forth herein.

**ANSWER:    Defendant incorporates by reference its Answers to paragraphs 1-34 of the Complaint as if fully restated herein.**

36.     In its attempts to collect the alleged debt from Plaintiff, Defendant has violated § 1692e(11) of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of debts in that Defendant failed to include that it was attempting to collect a debt and any information obtained will be used for that purpose in its initial written communication with Plaintiff.

**ANSWER:    Defendant denies the allegation in paragraph 36 of the Complaint.**

WHEREFORE, Plaintiff John March, individually and on behalf of the proposed Class, request that the Court enter judgment against Defendant in his favor and provide the following relief:

(a)     Certify this action as a class action and appoint Mr. March as a representative of the Class;

11

(b) Appoint the undersigned counsel as counsel for the Class;

(c) Award Mr. March statutory damages, costs and reasonable attorney's fees against Defendant pursuant to 15 U.S.C. § 1692(k) for Defendant's violations of the FDCPA;

(d) Award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

(e) Award Mr. March an incentive award based upon his time expended on behalf of the Class and other relevant factors;

(f) Grant such other and further relief as the Court deems just and proper.

**ANSWER:** Defendant denies the allegation in paragraph 37 of the Complaint, including its subparts.

## AFFIRMATIVE DEFENSES

**1. For its First Affirmative Defense, Defendant asserts that any violation of the FDCPA which it denies occurred, was unintentional and incurred in spite of procedures reasonably adapted to avoid such error.**

**2. For its Second Affirmative Defense, Defendant asserts that to the extent Plaintiff has suffered any actual damages, Plaintiff has failed to mitigate those damages.**

**3. For its Third Affirmative Defense, Defendant asserts that Plaintiff's claims are barred by the applicable statute of limitations.**

**4. For its Third Affirmative Defense, Defendant asserts that arbitration may be the appropriate venue for Plaintiff's claims, as, upon information and belief, Defendant may possess arbitration rights based on contracts entered into by Plaintiff.**

**5. For its Fourth Affirmative Defense, Defendant asserts that to the extent it is determined that Defendant violated the FDCPA, which Defendant specifically denies, any award of damages or attorney's fees would be improper because any such violation would be *de minimus*, inconsequential and not material.**

**6. For its Fifth Affirmative Defense, Defendant asserts that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, class who agreed to arbitration, claims for set-off or other individual defenses. Defendant therefore reserves the right to amend its Affirmative Defenses to address those potential defenses.**

10828192v1 0947795

WHEREFORE, Defendant, Medicredit, Inc. respectfully requests that this Court find in favor of Defendant and dismiss this action in its entirety, and for such other and further relief as this Court deems proper.

**HINSHAW & CULBERTSON LLP**

/s/ Adam B. Rucker
Adam B. Rucker, #60657
521 West Main Street
Suite 300
P.O. Box 509
Belleville, IL 62222-0509
P: 618-277-2400
F: 618-277-1144
arucker@hinshawlaw.com
Attorneys for Defendant MEDICREDIT, INC.

**CERTIFICATE OF SERVICE**

I, Adam B. Rucker, do hereby certify that a true and correct copy of the foregoing document was served on the following individual via ECF on December 18, 2013.

JAMES W. EASON, ESQ.
The Eason Law Firm, LLC
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:    (314) 667-3161
james.w.eason@gmail.com
www.easonlawstl.com

s/Adam B. Rucker

10828192v1 0947795